(December 24, 1919.)

SANDPOINT LUMBER & POLE COMPANY, LIMITED, a Corporation, Respondent, v. EMMA C. ANDERSON, Appellant.

[186 Pac. 254.]

PUBLIC LAND—LIEU LAND SELECTION—ATTORNEY IN FACT—SUBSTITUTION.

1. The owner of a right to make a lieu land selection, pursuant to 30 Stats. at L. 36, sold it and issued a power of attorney to convey the land to be selected without naming therein an attorney in fact, with the understanding and intention that the purchaser of the right might designate a person to make the conveyance. The purchaser caused his name to be written into the blank space and thereafter abandoned the purpose to make a selection and sold the right to do so. The name was erased from the power of attorney and that of the subsequent purchaser was written in its stead. A substitution of attorneys in fact was thereby made.

2. When patent was issued to the original power of the right he held the naked legal title, in trust, subject to the right of the last-named attorney in fact to convey it.

APPEAL from the District Court of the Eighth Judicial District, for Bonner County. Hon. John M. Flynn, Judge.

Suit to quiet title. Judgment for plaintiff. *Affirmed.*

E. M. Flood, for Appellant.

After the completion, by filling in the name of the attorney in fact, of a power of attorney to sell real estate, which power

of attorney had been executed with the name of the attorney in fact left blank, the subsequent erasure of the name of such attorney in fact so written in and the substitution in its place of the name of another as attorney in fact is a material alteration of the instrument and renders the same inoperative as an executory instrument. (1 R. C. L. 967, 974, 990, 996, 1001, 1014, 1021; 2 Cyc. 187; 34 Cyc. 588; *Waldron v. Waller,* 65 W. Va. 605, 64 S. E. 964, 32 L. R. A., N. S., 284; 1 Devlin on Real Estate, 3d ed., sec. 460.)

The substitution of one as attorney in fact for another under a power of attorney to sell real estate containing power of substitution can be made by the attorney in fact only through an instrument in writing executed by such attorney in fact. (*Allen v. Kitchen,* 16 Ida. 133, 18 Ann. Cas. 914, 100 Pac. 1052, L. R. A. 1917A, 563; 1 Devlin on Real Estate, 3d ed., secs. 355, 356.)

The subsequent material alteration of a power of attorney to sell real property does not affect the powers acquired thereunder as attorney in fact by one who acquired such powers prior to the alteration of the instrument. (Note to *Waldron v. Waller,* 32 L. R. A., N. S., 284, at 286; 2 Jones on Evidence, sec. 420; 34 Cyc. 614.)

E. W. Wheelan, for Respondent.

An alteration, however material, does not avoid an instrument if made without fraud and with intent to conform it to the agreement of parties. (*Otto v. Halff,* 89 Tex. 384, 59 Am. St. 56, 34 S. W. 910; *Lee v. Butler,* 167 Mass. 426, 57 Am. St. 466, 46 N. E. 52; *Foote v. Hambrick,* 70 Miss. 157, 35 Am. St. 631, 11 So. 567.)

The owner of an executed instrument has the implied authority to fill blanks to make the instrument conform to the intention of the parties. (*Montgomery v. Dresher,* 90 Neb. 632, 134 N. W. 251, 38 L. R. A., N. S., 423; *Palacios v. Brasher,* 18 Colo. 593, 36 Am. St. 305, 34 Pac. 251.)

The defendants cannot question the title of the plaintiff, and are bound by the notice imparted to them by the record. (*McAlpine v. Resch,* 82 Minn. 523, 85 N. W. 545.)

MORGAN, C. J.—On April 15, 1901, John H. Patten, who was the owner of land in a forest reserve, relinquished it to the United States and thereby acquired a right to select from the public domain land in lieu thereof.   (30 Stats. at L. 36.) In the exercise of his right, and in conformity to the usual practice in such cases, he issued two powers of attorney, one of which authorized and directed his attorney in fact to select land in lieu of that relinquished, and the other, which was irrevocable and was executed by Patten and his wife, authorized the attorney in fact to sell and, in their name, place and stead, to convey the land to be selected.   The attorney in fact was not named, but spaces were left blank, in order that the purchaser of the right to select land might designate whoever he saw fit.

The right to make this lieu selection found its way into the hands of a scrip broker, who sold it to John E. Irvine, whose name was inserted as attorney in fact.   He caused the power of attorney authorizing the sale and conveyance of land to be selected, as above stated, to be recorded in the office of the county recorder of Kootenai county.   Thereafter, having abandoned the purpose to make a lieu selection, he sold the right to do so back to the broker and delivered the powers of attorney to him.   H. C. Culver then purchased the right and the name of Irvine was erased from, and that of Culver written into, the powers of attorney.   The latter made selection of the northwest quarter of the southeast quarter, section 20, township 57 north of range 2 west of Boise meridian, and on June 22, 1904, United States patent was issued conveying the same to John H. Patten.   On December 22, 1913, Culver, as attorney in fact of, and in the name of, Patten and his wife, conveyed the land to respondent.

On August 18, 1915, Irvine, as attorney in fact of Patten and his wife, executed and delivered a quitclaim deed purporting to convey the land above described to H. B. Davis. He did not, at the time of making this deed, claim any interest in the land, nor did he make any claim as attorney in fact, or otherwise, by reason of Patten's right of selection.

He made the deed because he was led to believe by F. E. Davis, husband of the grantee, that it was necessary to do so in order to correct the title to the land which had been secured by the purchaser of the right to make the Patten lieu selection.   Thereafter Mrs. Davis and her husband executed and delivered a deed purporting to convey the land to appellant, who is the former's mother.   Appellant and respondent each claim to be the owner of the land and each seeks to have the title quieted as against the other.

Appellant contends that after the power of attorney to sell and convey the land to be selected had been completed by filling in the name of Irvine as attorney in fact, the subsequent erasure of his name and the substitution of that of Culver was a material alteration, and vitiated the document as an executory instrument and rendered invalid the deed subsequently executed by Culver; that by erasing the name of Irvine and writing in that of Culver a substitution of attorneys in fact was not accomplished, and that the power of attorney authorized the former to, and he did, convey the property to H. B. Davis.

That contention cannot be sustained.   The substance of this transaction was the purchase of the right to make selection of, and to acquire title to, land in lieu of that relinquished by Patten, incidental to and accompanying which was the right to designate the attorney in fact.   The right to make that selection and to sell and convey the land, and to designate the person to transfer the title, belonged to whoever bought and paid for it.   Patten so understood and intended when he issued the powers of attorney and delivered them to the broker.   That right belonged to Irvine when he bought it and became again the property of the broker when it was sold back to him.   It was the property of Culver when he bought it, and after that neither Patten, the broker, nor Irvine had any interest in it.   Under these circumstances the erasure of the name of Irvine from the powers of attorney and the insertion of that of Culver in its stead constituted a substitution of attorneys in fact.   When the land had been selected and the United States had issued its patent therefor,

Patten held the naked legal title in trust, subject to the right of Culver, his attorney in fact, to deed it to whoever the latter might select to receive it. He chose to and did convey it to respondent.

The authority of Irvine to act as attorney in fact for Patten was terminated when he sold the right to make the lieu selection back to the broker, and that he so understood and desired clearly appears from his testimony. His deed purporting to convey the land in question to H. B. Davis was a nullity, and her deed and that of her husband to appellant conveyed no interest therein.

A number of assignments of error have been made, but in view of the conclusion reached, we deem a discussion of them unnecessary.

The judgment is affirmed. Costs are awarded to respondent.

Rice, J., concurs.

BUDGE, J., Concurring.—I concur in the conclusion reached that the judgment should be affirmed. The evidence in this case is clear that Irvine, for a valuable consideration, returned to Murphy the power of attorney to select and the power of attorney to sell, intending to, and he did thereby, renounce the rights which he had under these instruments. He is, therefore, in no position to object to any subsequent alteration in the power of attorney to sell, and regardless of the fraud attempted to be perpetrated upon him by F. E. Davis, as a result of which he executed and delivered to H. B. Davis, a quitclaim deed covering the property in the name of Patten, the deed was a mere nullity for want of authority in Irvine at that time. Nor is the appellant here a *bona fide* purchaser, inasmuch as the deed from Patten by Culver, as his attorney in fact, to the Sandpoint Lumber & Pole Company, dated December 22, 1913, was filed for record on December 29, 1913, while the deed from the Davises to appellant was not executed and delivered until August 30, 1915. In the words of the learned trial judge who heard this case, there is not a glimmer of equity in appellant's contention.