## BEGUE v. GRIZZLY LIVE STOCK & LAND CO. et al.

District Court, S. D. California, Central Division.

Sept. 15, 1932.

Harry M. Ticknor, Roland Maxwell, and Fred G. Sutherland, all of Pasadena, Cal., for plaintiff.

Victor P. Showers, Ford Hendricks, and Walter S. Barrette, all of Los Angeles, Cal., for defendants.

COSGRAVE, District Judge.

Action on behalf of plaintiff to quiet title to certain land within the boundaries of the Santa Barbara National Forest. The case is submitted on an agreed statement of facts. Plaintiff acquired title under patent from the United States on July 29, 1903,

and on January 18, 1905, after the Santa Barbara National Forest was created, executed a relinquishment of the land under the provisions of the Forest Reserve Lieu Selection Act of June 4, 1897 (30 U. S. Statutes at Large, p. 36), at the request of H. C. Sigler, a scrip dealer. Sigler thereupon paid him a sum of money, the amount being unknown, and agreed that, upon the selection of the lieu lands under the provisions of the act of 1897, a further sum was to be paid. This, however, was never done.

The relinquishment grants to the United States the land in question and was sufficient in form and execution to convey title. As part of the same transaction, plaintiff executed a power of attorney authorizing his attorney in fact to select and apply for lieu land under the act referred to. He executed a separate power of attorney authorizing his attorney in fact to enter into and take possession of the lieu lands and to sell and convey good title to the same. These two documents were executed before the name of the person designated as attorney in fact was inserted. They were delivered thus executed to H. C. Sigler who, for a valuable consideration, sold the interest thus created by the relinquishment, and the two documents to one Moody who was the representative of defendant Andrew Morrow. Andrew Morrow was at all times the real party in interest, and neither Moody nor defendant Morrow had any knowledge of the agreement between H. C. Sigler and the plaintiff respecting the obligation of the former to pay additional money to the plaintiff.

Defendant Morrow attempted to make a selection of lien land, but when he filed his application for a new selection in the United States Land Office in the Dalles land district in the state of Oregon, the act of March 3, 1905 (33 Stat. 1264) had been passed and his application was rejected as not having been filed in time. No further action was taken by plaintiff until the commencement of the present action in 1930.

On November 22, 1926, after the passage of the act of September 22, 1922 (42 Statutes at Large, 1017, § 1, 16 U. S. C. § 483 [16 USCA § 483]), defendant Morrow filed an application through the United States land office for conveyance to him of the land originally relinquished by plaintiff. On April 6, 1928, the commissioner of the general land office issued to Andrew Morrow his quitclaim conveying all title to the lands in question that the United States acquired by virtue of the deed of relinquishment executed by plaintiff on January 18, 1905. The instrument recites that, whereas the plaintiff and his wife relinquished to the United States the land described as a basis for a lieu selection under the Act of June 4, 1897, which selection was filed after the passage of the act of March 3, 1905, and the act of September 22, 1922, authorizes the commissioner to quitclaim to the persons making such relinquishment and selection, their heirs or assigns, the title thereby vested in the United States, and that "whereas, Andrew Morrow has furnished evidence showing that as to the lands described he is the party in interest and entitled to the benefits of the Act of September 22, 1922," the deed was executed.

It is evident that the plaintiff, Begue, in 1905 "scripped" his land. In effect he sold the land to Sigler, a dealer in what is popularly known as scrip. The latter paid him part at least of the consideration at the time, and whatever remained due in the way of consideration was a personal credit extended to Sigler. This is made evident by the deed of relinquishment and powers of attorney executed at the time. The plaintiff made anybody whom Sigler might designate his attorney in fact to select, receive, and sell the lieu lands. While it is true this action purports to be authorized in his behalf and for his account, it is evident that he had no further interest whatever in the lands, neither the tract which he relinquished to the government nor the tract which might be selected in lieu thereof. His long silence fully establishes this.

The defendant Morrow was a purchaser of the so-called scrip in good faith, paying the full consideration agreed upon between him and Sigler. The court I think properly takes judicial notice of the system popularly known as "scripping." It meant that the purchaser of the scrip, that is of the right resting in the owner of the land within the forest reserve who relinquished it to the government to make a selection of land elsewhere in lieu of that relinquished, had full and complete beneficial interest in the right thus created and might make his selection unreservedly so far as the relinquisher was concerned and obtain complete title to the lieu selection. Sandpoint Lumber & Pole Co., Ltd., v. Anderson, 32 Idaho, 571, 186 P. 254.

The commissioner of the general land office was charged with the duty and vested by the act of September 22, 1922 (42 Stats. at Large, 1017 [16 USCA §§ 483, 484]),

with the power of determining to whom the land should be reconveyed. Hence the recital in the deed above quoted. The Commissioner has considered the question and reached a determination upon it and this, even were the court so disposed, I think cannot be disturbed. The duty of determining to whom the land should be reconveyed rests upon the land department, and its decision upon a question of fact ordinarily is conclusive. Daniels v. Wagner, 237 U. S. 547, 35 S. Ct. 740, 59 L. Ed. 1102, L. R. A. 1916A, 1116, Ann. Cas. 1917A, 40; Williams v. Newman (D. C.) 257 F. 353.

Plaintiff contends that title of Begue never vested in the United States because the relinquishment was never filed in the local land office as required by the act of May 14, 1880. The statute of May 14, 1880 (21 Stat. 140) refers to claimants only and was for the purpose of facilitating the entry of land by other claimants when it was relinquished by the existing claimants. The act of June 4, 1897 (30 Stat. 36) was undoubtedly in aid of the creation of forest reservations, and there is no provision respecting the filing of the deed of relinquishment in the local land office. Any instrument effective to convey title to the government undoubtedly is sufficient.

The commissioner of the general land office must have determined that the title did vest in the United States when he executed the quitclaim deed to one other than one making the original relinquishment. Departmental action is itself entitled to considerable weight in the interpretation of statutes of doubtful meaning. McLaren v. Fleischer, 181 Cal. 607, 185 P. 967; United States v. Burkett (D. C.) 150 F. 208.

Judgment is awarded in favor of defendants. They will prepare and present proposed findings and decree.